CRIST v. MAXWELL, WARDEN.

(No. 40471—Decided December 28, 1966.)

*Mr. Ronald E. Crist, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* The basic contention of petitioner is that under the provisions of Section 2901.11, Revised Code, a sentence for escape must be served at the end of any existing confinement, and that by incarcerating him on his escape sentence the state terminated his 1956 sentence.

That part of Section 2901.11, Revised Code, upon which petitioner relies, reads as follows:

"* * * Such additional imprisonment shall be served at the conclusion of any existing confinement of such violator."

That statute relates to existing confinement. Confinement connotes detention in a penal institution. Although one on parole is in technical legal custody he is at large and not confined.

Confinement as used in that section relates to those situations wherein a prisoner is actually serving his sentence in a penal institution at the time of the escape. It does not apply to those situations where one on parole has been taken into custody for another offense and escapes from such custody.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.