## State v. William
### *[Cite as 7 AOA 329]*

*Case No. 59494*
*Cuyahoga County, (8th)*
*Decided October 11, 1990*

*John T. Corrigan, Cuyahoga County Prosecuting Attorney and Blaise Thomas, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Thomas M. Shaughnessy, 11510 Buckeye Road, Cleveland, Ohio 44104, for Defendant-Appellee.*

*Per Curiam.*

The State of Ohio appeals from the sentence imposed upon defendant's guilty plea to the offense of escape, contending that the trial court erred by ordering that the sentence imposed for this offense be served concurrently with a sentence which defendant is serving for aggravated burglary. For the reasons set forth below, we reverse and remand for imposition of a consecutive sentence.

I.

On May 10, 1988, defendant was sentenced to prison for five to twenty-five years for aggravated burglary. He was subsequently released on shock probation, pursuant to R.C. 2947.061. Thereafter, on August 4, 1989, defendant was arrested in connection with the execution of a search warrant, and he escaped from the arresting officers. On August 22, 1989, defendant was found to be in violation of the terms of his probation and the sentence pronounced on May 10, 1988 was reimposed. See *State v. William* (Aug. 22, 1989), Cuyahoga C.P. No. 221858, unreported.

Defendant was subsequently indicted for escape on December 22, 1989. On February 9,

1990, defendant pleaded guilty to this offense, and the trial court imposed the following sentence:

"DEFENDANT, RODNEY WILLIAM, IS SENTENCED TO THE CORRECTIONAL RECEPTION CENTER, ORIENT, OHIO, FOR ONE (1) YEAR TO RUN CONCURRENTLY WITH SENTENCE PRESENTLY BEING SERVED. PAY THE COSTS OF THIS PROSECUTION."

The State now appeals this sentence, pursuant to R.C. 2945.67.

## II.

For its sole assignment of error, the state contends that the trial court erred in ordering defendant's sentence for escape to run concurrently with his sentence in Case No. 221858. This contention is well-taken.

Escape is proscribed by R.C. 2921.34, which provides in relevant part:

"(A) No person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break such detention. ***
"***

"(C) Whoever violates this section is guilty of escape, a felony of the fourth degree. Sentence of confinement imposed for escape shall be served consecutively to any other sentence of confinement imposed on such offender."

Pursuant to this statute, the trial court is required to sentence one convicted of escape to a term of imprisonment, which is to be served consecutively to any other sentence imposed. *State v. Chavez* (Jan. 15, 1985), Cuyahoga App. Nos. 51442, 51443, 51444, unreported. Accord R.C. 2929.41(B) (2), which provides in relevant part:

"A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
"***"

"(2) When it is imposed for a violation of *** section 2921.34, *** of the Revised Code;
"***"

Thus, the trial court erred in imposing a concurrent term.

Defendant seeks affirmance of his concurrent sentence, however, contending that R.C. 2921.34(C) is not mandatory, and that the trial court has discretion in determining whether to impose a concurrent or consecutive term. We rejected these claims in *State v. Chavez, supra* at 5.

Defendant further contends that in accordance with *Crist v. Maxwell* (1966), 9 Ohio St. 2d 29, a consecutive sentence for escape may be imposed only where one is under sentence at the time of the actual escape. Thus, defendant claims, he cannot be given a consecutive term because, although he was under sentence for aggravated burglary on February 9, 1990, when he was sentenced for escape, he was not under sentence on August 4, 1989, the date of the actual escape.

We find *Crist v. Maxwell, supra,* to be inapposite, however, as that case construed a former version of the statute proscribing escape, R.C. 2901.11, effective October 2, 1953, entitled *"Convict* wounding officer or *attempting escape"* (emphasis added). R.C. 2901.11 provided in pertinent part:

"*** No person shall escape, attempt to escape or aid, assist or induce others to escape from any confinement or restraint imposed as a result of a criminal, contempt, or probate proceeding. ***

"Whoever violates this section shall be imprisoned in jail or a workhouse not more than six months or in the penitentiary not less than one nor more than five years. *Such additional imprisonment shall be served at the conclusion of any existing confinement of such violator."* (Emphasis added.)

Thus, under this statute, escape constituted a breach of existing confinement under sentence, and the sentence for escape was to begin after completion of the sentence then in effect. Under R.C. 2921.34, however, escape may result from mere detention, and the sentence is to run consecutively to any other sentence already imposed. Thus, under R.C. 2921.34, whether the sentence is to be served concurrently or consecutively is determined by defendant's status at the time of sentencing, not at the time of the offense. See *State v. Chavez, supra; State v. Jones* (March 27, 1981), Belmont Ct. App. No. 80-B-43, unreported.

Finally, defendant claims that R.C. 2921.34 is ambiguous and must be construed pursuant to R.C. 2901.04 to mandate imposition of a consecutive sentence only where the defendant is under sentence at the time of the escape. We decline to invoke R.C. 2901.04, however, as we find the sentencing provisions of R.C. 2921.34 to be clear and unambiguous Cf. *State v. Baker* (1976), 50 Ohio App. 2d 68, 72.

In accordance with the foregoing, this cause is reversed and remanded for further proceedings consistent with this opinion.

CORRIGAN, P.J., NAHRA, J., and CORRIGAN, J., concur.