566 P.2d 1367 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
James Douglas OLINGER, Defendant-Appellant.
No. 76-264.
Colorado Court of Appeals, Div. III.
July 7, 1977.
Rehearing Denied July 28, 1977.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Jr., Chief Deputy State Public Defender, Nancy E. Rice, Deputy State Public Defender, Denver, for defendant-appellant.
VanCISE, Judge.
Defendant, James Douglas Olinger, appeals his jury conviction of second degree assault on a peace officer, a class 4 felony. We reverse.
In 1974, Olinger was arrested on a disturbance charge, was handcuffed, placed in the rear seat of a police car, and taken to the Lakewood police station for processing. Because Olinger was violent and uncooperative, he was moved to the Jefferson County jail. En route, Olinger made many threats to the officers. When he was taken out of *1368 the police car, still handcuffed, he struggled with one of the officers, knocked him back and kicked his left shin. The assault charge arose from this incident.
Had he been charged and convicted of a violation of 1971 Perm.Supp., C.R.S.1963, 40-3-203(1)(c), assault on a peace officer with intent to cause bodily harm, also a class 4 felony, or had he been convicted of third degree assault, 1971 Perm.Supp., C.R.S.1963, 40-3-204 (now § 18-3-204, C.R.S.1973), a class 1 misdemeanor,[1] the evidence would have sustained a conviction thereof. However, he was tried under 1971 Perm.Supp., C.R.S.1963, 40-3-203(1)(f) (now § 18-3-203(1)(f), C.R.S.1973), which provides that a person commits the crime of assault in the second degree if:

"While lawfully confined, he violently applies physical force against the person of a peace officer or fireman engaged in the performance of his duties, and the person committing the offense knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his duties." (emphasis added)
Olinger contends that he was not "lawfully confined" at the time of the assault and that, therefore, the court should have granted his motion for acquittal. We agree.
Penal statutes must be construed strictly, and all doubts must be resolved in favor of those against whom such statutes are sought to be enforced. They "must be definite, certain, and sufficiently explicit in their meaning that the conduct proscribed may be readily understood by persons of ordinary intelligence," and they cannot be extended either by implication or construction. Cokley v. People, 168 Colo. 280, 450 P.2d 1013 (1969); People v. Mooney, 87 Colo. 567, 290 P. 271 (1930).
Looking at the Colorado Criminal Code, we find the word "custody" defined as "the restraint of a person's freedom in any significant way." Section 16-1-104(9), C.R.S.1973. "Confinement" or "confined" is not defined at all. Section 18-8-208, C.R.S.1973, refers to persons who "while being in custody or confinement", escape from said "custody or confinement." If both words meant the same thing, only one would have been needed. In § 16-8-121, C.R.S.1973, dealing with escapes and returns to institutions, subsection (1) refers to one "confined in an institution" and escaping therefrom, whereas subsection (2) refers to a person "committed to the custody of the executive director of the department of institutions".
Significantly, the legislature in 1976 amended subsection (f) of the second degree assault statute so that it now reads "[w]hile lawfully confined or in custody . . . ." Colo.Sess.Laws 1976, ch. 3, 18-3-202, at p. 8 (First Extraordinary Session). It is apparent that the legislature intended the word "confined" to have a meaning different from and to be more restrictive than "custody," and that the amendment was intended to correct a shortcoming or deficiency previously existing in the statute. See Ridge Erection Co. v. Mountain States Telephone & Telegraph Co., Colo.App., 549 P.2d 408 (1976). Accordingly, we conclude that the word "confined" in the second degree assault statute connotes detention in an institution. See Crist v. Maxwell, 9 Ohio St.2d 29, 222 N.E.2d 650 (1966). Hence, Olinger was merely "in custody" and was not "lawfully confined" at the time of the assault.
Since our determination of this issue is dispositive of this appeal, we need not address Olinger's other contentions for reversal.
The judgment is reversed and the cause is remanded with directions to vacate the sentence and to grant Olinger's motion for judgment of acquittal.
PIERCE and RULAND, JJ., concur.
NOTES
[1] Third degree assault is a lesser included offense of second degree assault, People v. Thompson, 187 Colo. 252, 529 P.2d 1314 (1975); however, this issue was not raised either at trial or on appeal.