**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Joyce K. WILHELM, Respondent.**

**No. 82SC416.**

Supreme Court of Colorado,
En Banc.

Feb. 21, 1984.

---

Robert L. Russel, Dist. Atty., Lovice D. Riffe, Jeffrey R. Wilson, Deputy Dist. Attys., Colorado Springs, for petitioner.

David F. Vela, State Public Defender, Michael A. Warren, Deputy State Public Defender, Colorado Springs, for respondent.

KIRSHBAUM, Justice.

The People of the State of Colorado seek review of a determination by the district court that section 18–9–202, C.R.S. 1973 (1978 Repl.Vol. 8), violates constitutional guaranties of equal protection of the laws.[1] We reverse.

## I.

The following facts are undisputed. On November 27, 1981, respondent, Joyce K. Wilhelm, was charged in the El Paso County Court with cruelty to and neglect of animals, in violation of section 18–9–202. Respondent subsequently filed a motion to dismiss, alleging, in pertinent part, that section 18–9–202 "violates the right to equal protection in that the statute is pragmatically indistinguishable from C.R.S. 1973, 35–42–112."[2] The county court granted the motion, and the People appealed that ruling to the district court pursuant to section 13–6–310, C.R.S. 1973.[3]

The district court affirmed the county court's ruling, concluding that the statute was indistinguishable from section 35–42–112, C.R.S. 1973; that the latter statute imposes a less severe sanction for violations thereof than does section 18–9–202; and that, therefore, section 18–9–202 was unconstitutional.

1. The People filed a petition for writ of certiorari pursuant to § 13–6–310(4), C.R.S.1973, and C.A.R. 49(a)(1).

2. Respondent also attacked the constitutionality of the statute on grounds of vagueness, overbreadth, and improper exercise of legislative authority. The trial court has not addressed those issues.

3. The People are required by § 16–12–102, C.R.S.1973 (1978 Repl.Vol. 8), to appeal decisions of a trial court "[i]f any act of the general assem-

## II.

It is well-settled that separate statutes proscribing the same criminal conduct with different penalties violate the guaranties of equal protection of the laws contained in Article II, Section 25 of the Colorado Constitution.[4] *People v. Westrum,* 624 P.2d 1302 (Colo.1981); *People v. Marshall,* 196 Colo. 381, 586 P.2d 41 (1978); *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976). Statutes prescribing different sanctions for what ostensibly might be different acts, but offering no rational standard for distinguishing such different acts for purposes of disparate punishment, also contravene the equal protections guaranties of Colorado's constitution. *People v. Dominguez,* 193 Colo. 468, 568 P.2d 54 (1977); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). Therefore, statutory classifications of crimes must be based on differences that are real in fact and reasonably related to the purposes of the legislative enactments. *People v. Owens,* 670 P.2d 1233 (Colo.1983); *People v. Marcy,* 628 P.2d 69 (Colo.1981); *People v. Calvaresi, supra.*

In reviewing constitutional challenges to statutory provisions, courts are guided by the principles that legislation adopted by the General Assembly is presumed to be constitutional and that a party asserting the unconstitutionality of any statute has the burden of proving such assertion beyond a reasonable doubt. *People v. Rostad,* 669 P.2d 126 (Colo.1983); *People v. Caponey,* 647 P.2d 668 (Colo. 1982); *Bollier v. People,* 635 P.2d 543 (Colo.1981). Moreover, if a statute is susceptible to different interpretations, one of

bly is adjudged inoperative or unconstitutional in any criminal case...."

4. Article II, § 25 of the Colorado Constitution, states: "No person shall be deprived of life, liberty or property, without due process of law." The right to due process of law necessarily includes the right to equal protection of the laws. *Heninger v. Charnes,* 200 Colo. 194, 613 P.2d 884 (1980); *People v. Max,* 70 Colo. 100, 198 P. 150 (1921).

which comports with constitutional requirements, the constitutional interpretation must be adopted. *People v. Gross,* 670 P.2d 799 (Colo.1983); *People v. Jennings,* 641 P.2d 276 (Colo.1982); *People ex rel. C.M.,* 630 P.2d 593 (Colo.1981). Respondent's assertion that sections 18–9–202 and 35–42–112 unconstitutionally authorize different punishments for the same conduct must be examined in light of these principles of construction.[5]

Section 18–9–202 prohibits cruelty to and neglect of animals in the following pertinent language:

"(1) A person commits cruelty to animals if, except as authorized by law, he knowingly or with criminal negligence overdrives, overloads, overworks, tortures, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, needlessly mutilates, needlessly kills, carries in or upon any vehicles in a cruel manner, or otherwise mistreats or neglects any animal, or causes or procures it to be done, or, having the charge and custody of any animal, fails to provide it with proper food, drink, or protection from the weather, or abandons it.

"(2) (a) Cruelty to animals is a class 1 misdemeanor."

Pursuant to section 18–1–106, C.R.S.1973 (1978 Repl.Vol. 8) (1983 Cum.Supp.), a class one misdemeanor is punishable by a minimum of six months' imprisonment, or a five hundred dollar fine, or both, and a maximum of twenty-four months' imprisonment, or a five thousand dollar fine, or both.

Section 35–42–112, C.R.S.1973, as applicable at the time defendant was charged here, prohibited overdriving or starving of animals, and stated as follows:

"Every person who overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, needlessly mutilates or kills, or carries in or upon any vehicle or otherwise in a cruel or inhuman manner any animal or causes or procures it to be done or who, having the charge and custody of any animal, unnecessarily fails to provide it with proper food, drink, or protection from the weather or cruelly abandons it is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than fifty dollars nor more than seven hundred fifty dollars, or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment."

The penalty prescribed by section 35–42–112 as operative here is essentially equivalent to the penalty authorized in section 18–1–106, C.R.S.1973, for class three misdemeanors.[6]

Both the county court and the district court, relying on section 18–1–503, C.R.S.

---

**5.** In *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the United States Supreme Court held that the prosecution and punishment of a defendant for criminal conduct that was identically defined but differently punished pursuant to separate sections of a criminal statutory scheme did not violate equal protection standards under the Fourteenth Amendment to the United States Constitution. In *People v. Marcy,* 628 P.2d 69, 74 (Colo.1981), we noted that this court, "[i]n sharp contrast to *Batchelder,*" has consistently held "that equal protection of the laws requires that statutory classifications of crimes be based on differences that are real in fact and reasonably related to the general purposes of criminal legislation." Here, respondent's motion to dismiss did not articulate whether she was relying on federal or Colorado constitutional equal protection guaranties. The district court apparently based its decision on state constitutional grounds. In any event, our discussion of constitutional equal protection guaranties is limited to cases interpreting the Colorado Constitution.

**6.** Section 35–42–112 was amended in 1983 to state as follows:

"Every person who overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, needlessly mutilates or kills, or carries in or upon any vehicles or otherwise in a cruel or *inhumane* manner any animal or causes or procures it to be done or who, having the charge and custody of any animal, unnecessarily fails to provide it with proper food, drink, or protection from the weather or cruelly abandons it *commits a class 1* misdemeanor and shall be punished *as provided in section 18–1–106, C.R. S.1973.*"

1983 Colo.Sess.Laws ch. 392, § 2 at 1365.

1973 (1978 Repl.Vol. 8), construed section 35–42–112 as necessarily including the mental state of "knowingly," and on that basis determined that the conduct it prohibited was not distinguishable from the conduct prohibited by section 18–9–202. We conclude that an alternative construction of section 35–42–112 avoids constitutional infirmity, and, therefore, adopt that construction.

■ Section 18–1–503(2) addresses generally the construction of the provisions of the Colorado Criminal Code, with respect to culpability requirements and states as follows:

> "Although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct *necessarily* involves such a culpable mental state." (emphasis added)

However, some offenses do not require proof of a "culpable mental state." *See generally People v. Rostad, supra.* Section 18–1–502, C.R.S.1973 (1978 Repl.Vol. 8), addresses minimal requirements for criminal conduct as follows:

> "The minimum requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing. If that conduct is all that is required for commission of a particular offense, or if an offense or some material element thereof does not require a culpable mental state on the part of the actor, the offense is one of 'strict liability'. If a culpable mental state on the part of the actor is required with respect to any material element of an offense, the offense is one of 'mental culpability'."

Thus, in Colorado, the General Assembly may create offenses requiring only the voluntary performance of an act, requiring proof only that the prohibited conduct was "the product of conscious mental activity involving effort or determination." *People v. Rostad,* 669 P.2d at 129.

■ We conclude that by omitting any "culpable mental state" requirement from section 35–42–112, the General Assembly intended to require only voluntary conduct for commission of the offense defined by that statute. Our conclusion is supported by the fact that a relatively minor penalty was provided for violations of said statute. Thus, as operative here, section 35–42–112 is in effect a "strict liability" offense.

■ Section 18–9–202, however, expressly requires a culpable mental state. The conduct therein proscribed must be undertaken "knowingly" or with "criminal negligence." Therefore, it creates an offense of "mental culpability." *See* § 18–1–502, C.R.S.1973 (1978 Repl.Vol. 8). The two sections proscribe different conduct and provide different sanctions for violations thereof. The difference in punishments provided by the two statutes reflects an intent on the part of the General Assembly to penalize conduct undertaken "knowingly" or with "criminal negligence" more severely than conduct undertaken "voluntarily." *See* § 18–1–102(1)(c), C.R.S.1973 (1978 Repl.Vol. 8). Because the statutes treat different conduct in different ways, respondent's constitutional guaranties of equal protection of the laws were not violated by the summons and complaint charging her with a violation of section 18–9–202.

The judgment of dismissal is reversed and the cause remanded with instructions to reinstate the charges filed against respondent.