The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Edward A. WIEDER,
Defendant-Appellant.

No. 82CA0049.

Colorado Court of Appeals,
Div. I.

March 29, 1984.

Rehearing Denied April 26, 1984.

Certiorari Granted Jan. 14, 1985.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Edward A. Wieder, appeals his convictions on two counts of second degree assault, and sentencing for such convictions as an habitual offender. We affirm.

In December 1978, defendant was involved in an automobile accident. After investigating officers arrived at the scene, they called for paramedic assistance for defendant. Defendant attempted to assault a paramedic while being examined; two police officers then subdued, handcuffed, and took defendant to their patrol car with the intent of taking him to the police station. Defendant then assaulted both police officers as they unlocked the patrol car door. Once again, the officers subdued defendant. He was charged with the assaults on the two police officers.

On appeal, defendant asserts error in application of the assault statute to him, and challenges the statute's constitutionality. Inasmuch as our Supreme Court has declined to accept transfer of jurisdiction, we address all allegations of error made. *See* § 13-4-102(1)(b), C.R.S.

**I.**

Defendant's first allegation of error is that second degree assault, as defined in § 18-3-203(1)(f), C.R.S. (1978 Repl.Vol. 8) does not govern his conduct in this case. That subsection of the statute states that a person commits second degree assault if:

"While lawfully confined or in custody, he violently applies physical force against the person of a peace officer ... engaged in the performance of his duties ...."

Relying on *People v. Olinger,* 39 Colo. App. 491, 566 P.2d 1367 (1977), defendant maintains that because he was neither confined in a penal institution nor "in custody" this statute is inapplicable to his activities. We disagree.

We agree that defendant here was not "in confinement," as delineated by *People v. Olinger, supra,* but when the assaults occurred, the arrest was complete and defendant was not free to leave the presence of the officers. *See People v. Roybal,* 655 P.2d 410 (Colo.1982). Hence, defendant was "in custody," and the statute is applicable.

**II.**

Defendant further complains that it was improper to convict him under this subsection of the statute because its 1976 amendment, which added the words "or in custody," is unconstitutional. Defendant asserts the amendment was passed during an extraordinary session of the General Assembly pursuant to the Call of the Governor concerning the problem of assaults on police officers. Defendant interprets this Call to be restricted to those incidents which occur in penal institutions. Even if the Call could be so narrowly construed, this statute is not unconstitutional.

A statute is presumed to be constitutional. *People v. Velasquez,* 666 P.2d 567 (Colo.1983). That legislation might vary in specifics from the language of the Call will not defeat this presumption. While the Governor's proclamation may state the purpose for which the General Assembly is convened or may limit its consideration to a specific area of a general subject, the legislative body is free to determine the manner in which the purpose shall be accomplished and may enact legislation germane to and having a natural connection with the purpose for which it was convened. *Smith v. Curran,* 268 Mich. 366, 256 N.W. 453 (1934); *Arrow Club, Inc. v. Nebraska Liquor Control Commission,* 177 Neb. 686, 131 N.W.2d 134 (1964). Because the Call here generally concerned protection of police officers and others while carrying out their duties, the 1976 amendment definitely falls within

the general subject matter and is, therefore, constitutional.

### III.

■ Defendant also claims the statute is unconstitutional because a harsher punishment is prescribed for second degree assault than is prescribed for a violation of § 18–8–103, C.R.S. (1978 Repl.Vol. 8), the statute regarding resisting arrest, which proscribes substantially identical conduct. We disagree.

■ The General Assembly is free to prescribe different punishments for conduct perceived to result in varying degrees of social consequences. *People v. Thatcher*, 638 P.2d 760 (Colo.1981); *People v. Johnson*, 195 Colo. 350, 578 P.2d 226 (1978). The distinction between § 18–3–203(1)(f) and § 18–8–103 is not arbitrary or inadvertent. It is reasonable to conclude that an assault upon a police officer by one in custody is more serious than an assault by one while resisting arrest because after making an arrest an officer is not as likely to be as alert or cautious as he or she would be prior to arrest and, therefore, is not as likely to be able to prevent bodily harm under such circumstances.

Moreover, here, the defendant had been placed under arrest and was being transported to the police station prior to the assaults on the two police officers. Thus, he could not have been charged with resisting arrest. Therefore, although the acts committed by defendant may be substantially identical to those proscribed in the resisting arrest statute, the context within which defendant committed the assaults results in significantly different consequences. Hence, the statute under which he was convicted is not unconstitutional.

### IV.

■ Defendant also maintains that his 1975 conviction of second degree burglary was improperly used as a basis for his habitual criminal conviction. His contentions are sufficiently rebutted by *People v. Quintana*, 634 P.2d 413 (Colo.1981); *People v. Edwards*, 186 Colo. 129, 526 P.2d 144 (1974); and *People v. Moore*, 636 P.2d 1290 (Colo.App.1981). A discussion of this issue would not be fruitful where the issue is not novel and defendant's arguments are without merit.

The judgment is affirmed.

BERMAN and METZGER, JJ., concur.