The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Bryan Sidney THORNTON, Defendant–Appellee.

No. 94CA0417.

Colorado Court of Appeals, Division I.

Nov. 17, 1994.

Rehearing Denied Dec. 15, 1994.

Certiorari Granted Sept. 5, 1995.

G.F. Sandstrom, Dist. Atty., Patrick K. Avalos, Supervising Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Victor I. Reyes, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

The People appeal the trial court's dismissal of a charge of felony escape brought against the defendant, Bryan Sidney Thornton. We affirm.

A police officer testified at the preliminary hearing that while he and his partner were on routine patrol they saw the defendant walking down a street. The officers knew of an outstanding warrant for his arrest. Accordingly, they approached the defendant, advised him of the outstanding warrant, and asked him to walk to the nearest parked car and place his hands on it. Defendant complied with their requests, but because he was "fidgeting," one of the officers attempted to place handcuffs on him, at which point he broke away and began running. The officers eventually caught him and placed him under arrest.

As a result of this incident the defendant was charged with felony escape. Following the testimony at the preliminary hearing, defense counsel moved for a dismissal of the charge, arguing that the People had failed to establish one of the elements of felony escape. Specifically, defense counsel maintained that defendant was not "in custody or confinement" at the time of his encounter with the officers on the street and that there was, therefore, insufficient evidence to bind him over on an escape charge.

The trial court agreed. While noting that the defendant ran from the officers, the court concluded that an arrest had not yet been effected when the defendant bolted. The court therefore concluded that defendant was not "in custody" during the initial encounter with the officers and that he could not be found guilty of a felony escape. Accordingly, the court dismissed the charge.

On appeal, the People contend that the court's order was erroneous. They argue that the term "in custody" as used in the escape statute does not require an actual application of physical force or restraint and that a person can be "in custody" for purposes of the escape statute before there has been a formal arrest. They maintain, therefore, that there was sufficient evidence of an escape in this case. We disagree.

Under § 18–8–208(3), C.R.S. (1986 Repl. Vol. 8B), a person commits the crime of escape if, "while being in custody or confinement and held for or charged with but not convicted of a felony, he knowingly escapes from said custody or confinement."

Under the circumstances of this case, the issue before us turns on the meaning of the term "in custody."

In *People v. Atkins,* 885 P.2d 243 (Colo. App.1994), a division of this court held that the definition of the term "custody" found in § 16–1–104(9), C.R.S. (1986 Repl.Vol. 8A) also applies to the offense of escape under § 18–8–208(3). Section 16–1–104(9) defines the term "custody" as "the restraint of a person's freedom in any significant way."

The People argue that, when this definition is applied to the facts of this case, the record supports the felony escape charge. We disagree.

 We conclude that, for purposes of the felony escape statute, a person is not "in custody" until a peace officer has either already made a formal arrest or, at a minimum, has applied physical control over the person. To the extent that the definition of "in custody" in § 16–1–104(a) is applicable to the offense of felony escape, the phrase "restraint of a person's freedom in any significant way" contemplates a *physical* restraint.

Our conclusion is bolstered by our supreme court's decision in *People v. Armstrong,* 720 P.2d 165 (Colo.1986).

In interpreting the term "in custody" with respect to the offense of second degree assault under § 18–3–203, C.R.S. (1986 Repl. Vol. 8B), the court stated in *Armstrong, supra,* 720 P.2d at 169:

> [T]o effect an arrest, the peace officer must apply a level of physical control over the person resisting the arrest so as to reasonably assure that the person does not leave. Once the arrest has been effected, then the person is in custody for purposes of § 18–3–203(1)(4).

*See also Wieder v. People,* 722 P.2d 396 (Colo.1986); and *People v. Ortega,* 899 P.2d 236 (Colo.App.1994).

We conclude that the reasoning in *Armstrong, Wieder,* and *Ortega* is applicable to the situation before us in which the defendant has been charged with escape rather than assault.

Here, the record establishes that the officers merely gave the defendant a verbal advisement of the fact that a warrant had been issued for his arrest and that they intended to arrest him on that outstanding warrant. Defendant ran away as one of the officers attempted to place handcuffs on him.

Accordingly, there is insufficient evidence to establish that defendant had been arrested or that the peace officers had already obtained physical control over him.

Relying on *State v. Ramsey,* 475 So.2d 671 (Fla.1985), the People contend that one can be "in custody" before there has been either a formal arrest or a physical restraint and that the mere notification of an intended arrest is sufficient to support a finding of custody to sustain a charge of escape. However, under the analysis of our supreme court in the *Armstrong* and *Wieder* cases, we conclude that a mere verbal advisement, without more, does not create an "in custody" status for purposes of the offense of felony escape.

Accordingly, the defendant here was not "in custody" when he ran from the officers, and the escape charge against him was therefore properly dismissed.

The judgment is affirmed.

STERNBERG, C.J., and CRISWELL, J., concur.