**Andrew ESPINOZA, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 83SC353.**

Supreme Court of Colorado,
En Banc.

Dec. 16, 1985.

Rehearing Denied Jan. 27, 1986.

David F. Vela, State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for respondent.

1. § 18–3–402, 8 C.R.S. (1978 & 1985 Supp.).

2. § 18–3–206, 8 C.R.S. (1978).

3. Espinoza was also convicted of possession of a dangerous drug with intent to dispense, sections 12–22–412(3) and 12–22–404, 5 C.R.S. (1978 & 1985 Supp.) (repealed 1981). This conviction is not at issue here. Espinoza received concurrent

ERICKSON, Justice.

Andrew Espinoza, petitioner, was convicted of first-degree sexual assault[1] and two counts of menacing[2] in the Conejos County District Court.[3] On appeal, Espinoza contends that the district court erred in instructing the jury on the culpable mental state of both offenses. The court of appeals held that the challenged instruction was harmless error. *People v. Espinoza*, 669 P.2d 142 (Colo.App.1982). We granted certiorari and now affirm.

## I.

On May 2, 1981, the two victims in this case, S.B. and I.P., attended a festival known as "Springfest" in the mountains near Alamosa. Near midnight they decided to leave. They obtained a ride from a man driving a small, white car who had stopped to talk with them as they were leaving the festival. The man said he was going to Alamosa. S.B. testified that the man initially drove toward Alamosa but then turned onto a dirt road, stating that he knew a shortcut. After proceeding down the road approximately one mile, the man stopped the car and said he wanted to roll a "joint." He then offered to sell the women some marijuana. S.B. asked the price, and the man said thirty-five dollars. When S.B. responded that she only had thirty dollars, the man suggested that she could pay the balance with sex. The man then demanded that the women engage in sex with him as the price for the ride.

At this point, both women fled from the car and began running back towards the highway. They testified that the man chased after them on foot and fired a gun at them. The assailant caught up with I.P., who had twisted her ankle and fallen to the ground, but S.B. escaped. I.P. testified that the assailant dragged her back to

sentences of two years for menacing, possession of a dangerous drug with intent to dispense, and a crime of violence, section 16–11–309, 8 C.R.S. (1978 & 1985 Supp.), and eight years for first-degree sexual assault. The court of appeals vacated the separate two-year sentence for the crime of violence.

the car, where he sexually assaulted her. Afterwards, the assailant drove back towards the highway with I.P. in the car. When they reached the highway, I.P. jumped out of the car, and the assailant drove off.

Espinoza was arrested several days later and charged in connection with the incident. Following a jury trial, Espinoza was convicted of first-degree sexual assault, two counts of menacing, and possession of a dangerous drug with intent to dispense.

## II.

Espinoza contends that the district court erred in instructing the jury on the meaning of "knowingly," the culpable mental state of both first-degree sexual assault and menacing.[4] The district court instructed the jury that:

> A person acts "knowingly" with respect to conduct or to a circumstance described by a statute defining an offense when he is aware *or reasonably should be aware,* that his conduct is of that nature or that the circumstance exists. A person acts "knowingly" with respect to a result of his conduct, when he is aware that his conduct is practically certain to cause the result.

(Emphasis added.) This instruction is erroneous in that the statutory definition of "knowingly" contained in section 18–1–501(6), 8 C.R.S. (1978), does not include the phrase "or reasonably should be aware." *See People v. DeHerrera,* 697 P.2d 734 (Colo.1985) (the phrase "reasonably should be aware" erroneously incorporates a reasonable care standard into the culpable mental state of knowingly).

Espinoza did not object to the instruction at trial. Therefore, our review is limited to the question of whether the instruction constituted plain error. *People v. Weller,* 679 P.2d 1077 (Colo.1984).

■ Plain error is grave error that seriously affects the substantial rights of the accused. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972). In the context of instructional error, we have refused to find plain error unless a review of the entire record demonstrates a reasonable possibility that the improper instruction contributed to the defendant's conviction. *People v. Dillon,* 655 P.2d 841 (Colo.1982); *People v. Aragon,* 186 Colo. 91, 525 P.2d 1134 (1974). Where an element of a crime was not contested at trial, failure to instruct properly on that issue generally does not constitute plain error. *People v. Hunter,* 666 P.2d 570 (Colo.1983); *People v. O'Donnell,* 184 Colo. 104, 518 P.2d 945 (1974); *People v. Romero,* 689 P.2d 692 (Colo.App.1984). It is also unlikely that an erroneous instruction will be considered plain error if the evidence of the defendant's guilt was overwhelming. *People v. Barker,* 180 Colo. at 28, 501 P.2d at 1041; *People v. Cardenas,* 42 Colo.App. 61, 592 P.2d 1348 (1979).

■ Here, the issue of whether the assailant acted knowingly was not contested at trial. Rather, Espinoza's defense was premised almost entirely on a theory of mistaken identity. For example, one of the jury instructions given by the district court at Espinoza's request stated: "It is the Defendant's theory of the case that the prosecution has failed to establish beyond a reasonable doubt that he is the person who committed the offenses alleged." Additionally, in closing argument defense counsel said that identity was the "real question" in the case.

The evidence of Espinoza's guilt was overwhelming. Both victims independently identified Espinoza as the assailant in a photo lineup and in court. I.P. described the assailant's vehicle as a white Ford Fiesta bearing a license plate containing the letters "WS" and the number "58." When Espinoza was arrested, he was driving a white Volkswagen Rabbit, with license plate number "WS5882." A box containing marijuana was discovered in the Rabbit.

---

**4.** Section 18–3–402(1) provides: "Any actor who *knowingly* inflicts sexual intrusion or sexual penetration...." (Emphasis added.) Section 18–3–206 states: "A person commits the crime of menacing if, by any threat or physical action, he *knowingly* places or attempts to place another person in fear of imminent serious bodily injury." (Emphasis added.)

In addition, the police found personal articles belonging to the victims near the scene of the alleged crimes. Finally, a physical examination of I.P. revealed the presence of sperm, and semen stains were found on I.P.'s underwear.

After reviewing the entire record in this case, we conclude that the erroneous instruction did not contribute to Espinoza's convictions. Accordingly, the decision of the court of appeals is affirmed.