**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Fred A. GARCIA, Defendant–Appellant.**

### No. 88CA0773.

Colorado Court of Appeals,
Div. C.

July 6, 1989.

Rehearing Denied July 27, 1989.
Certiorari Denied Dec. 4, 1989.

which occur when bills are extracted from parking lot money depository boxes. He also stated that pieces of coat hanger wire and pocket knives are frequently used to pull bills from the boxes.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

The defendant, Fred A. Garcia, appeals the judgment of conviction entered on a jury verdict finding him guilty of third degree burglary. We affirm.

The prosecution's evidence established that two police officers patrolling the downtown Denver area after dark observed defendant standing next to a payment box located within an unattended parking lot. They witnessed defendant walk to the front of the box and raise his hands above his head three times. Each time as defendant brought his hands back down the officers saw him put his right hand into his right front pants pocket. From their location they could not determine whether defendant was holding anything in his hands. The officers approached defendant in their vehicle, and as they did so defendant turned and walked away from the box. The officers stopped and arrested him approximately thirty feet from the box.

In the search incident to the arrest, the officers found eleven one dollar bills and a pocket knife in defendant's right pants pocket. The bills were folded and several were torn. Approximately fifteen feet from the box and in the pathway defendant had followed after leaving the box, the officers found an eight inch piece of wire on the ground. Over defendant's objection, one of the officers testified that the tears on the bills were consistent with those

## I.

Defendant initially contends the evidence presented at trial was, in several respects, insufficient to support the verdict. We disagree.

## A.

Defendant was charged with burglary of a money depository in violation of § 18–4–204, C.R.S. (1986 Repl.Vol. 8B), which provides that:

"[A] person commits third degree burglary if with the intent to commit a crime he enters or breaks into any vault, safe, cash register, coin vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, or other apparatus or equipment whether or not coin operated."

Defendant maintains that the parking lot box from which the money found in his pants pocket was allegedly taken is not a "money depository" within the meaning of the statute. He argues that the definition of "depository" includes only those places in which items are deposited and maintained for safekeeping and, hence, the statute does not contemplate a box into which one places money to pay for parking. We do not agree with this argument.

The primary task of an appellate court in construing a statute is to ascertain the intent of the General Assembly. Constructions which defeat the obvious legislative objective should be avoided. A statute must be read and considered as a whole and, if possible, should be interpreted to give consistent and sensible effect to all its parts. *People v. District Court*, 713 P.2d 918 (Colo.1986).

The enactment of the burglary statute in this state initially encompassed only the unlawful entry into an inhabitable building or structure. *See* C.R.S.1963, 40–3–5. Entry into uninhabitable structures was not

prohibited by statute. In 1967, however, the burglary statute was expanded to include unlawful entries into depositories or dispensers which may be uninhabitable, such as safes, vending machines, or coin telephones. 1967 Perm.Supp., C.R.S.1963, 40–3–5. In amending the burglary statute, the General Assembly sought to address the problem of unauthorized entry into any structure or apparatus designed to receive and hold money or valuables.

Although our current third degree burglary statute does not, by its specific terms, prohibit unauthorized entry into parking lot money slot boxes, it is evident that the General Assembly intended that such activity fall within the statute. A parking lot money slot box operates in much the same way as a vending machine or coin-operated telephone. Each apparatus is designed in such a way as to allow an individual to purchase a good or service. By placing money into the box, the purchaser relinquishes control of that money and in return is permitted to make a phone call, take possession of goods, or temporarily lease a parking space. The person or entity providing the service is entitled to receive the fee paid for the good or service, and deterrence of an unauthorized third party taking the fee is precisely the aim of the third degree burglary statute.

Hence, we hold that a parking lot money collection box is specifically a "money depository" within the meaning of the statute.

### B.

Defendant also contends that the prosecution failed to prove beyond a reasonable doubt that the box had been entered or broken into. He argues that because the bills found in his pocket were not specifically identified as having come from the box, and because the officers did not see him remove any money or use or discard the wire found near the box, the guilty verdict was based on no more than conjecture and surmise. We disagree.

A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support the conclusion by a reasonable person that defendant is guilty beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (Colo.1973).

A burglary charge may be proven by circumstantial evidence alone, *People v. McClendon*, 188 Colo. 140, 533 P.2d 923 (1975), and an exclusively circumstantial case need not exclude every reasonable hypothesis other than guilt in order to withstand a challenge. *People v. Elkhatib*, 632 P.2d 275 (Colo.1981).

■ The jury here could reasonably have accepted the testimony of the prosecution's witnesses, rejected the testimony of the defendant, and determined that the inferences to be drawn from the circumstantial evidence, when appropriately viewed, were sufficient to allow the conclusion that defendant was guilty of the crime charged beyond a reasonable doubt. *See People v. Bennett, supra.*

### II.

Defendant next maintains that the trial court erred in permitting a police officer, over his objection, to testify that the tears on several of the bills removed from his pants pocket were consistent with tearing that occurs when bills are extracted from parking lot money depositories. He claims that the testimony about the tearing was mere speculation and was, therefore, inadmissible under CRE 602. The record does not support defendant's contention.

■ The court permitted the witness to express a lay opinion with respect to what defendant was doing when the officers saw him standing in front of the box raising his hands above his head. In conjunction with that testimony, the officer expressed an opinion on the significance of the tears found on several of the bills taken from defendant's pocket. In expressing these opinions the officer testified that he had been involved in law enforcement for fourteen years, had experience investigating burglaries of parking lot money deposito-

ries, and was familiar with the tools used to extract money from the boxes and the condition of the bills after they had been removed. Once a foundation was laid and the officer's perceptions shown, it was within the discretion of the trial court to permit the witness to express his opinion about the significance of the tearing of the bills. *See People v. Gallegos*, 644 P.2d 920 (Colo.1982); CRE 701.

## III.

We find no merit in defendant's contention that, because no direct evidence was introduced linking the wire found in the parking lot to defendant or the crime, it was plain error to admit the wire into evidence.

Real evidence is relevant and therefore admissible if it is connected in some manner with either the accused, the victim, or the crime. Evidence that defendant may have possessed an instrument which could have been used in the commission of the crime is admissible, provided a proper foundation is laid. *People v. Penno*, 188 Colo. 307, 534 P.2d 795 (1975).

■ Here, the jury heard testimony that coat hanger wire is frequently used to extract bills from parking lot money depositories. The wire introduced into evidence was similar to the type described as an instrumentality used in third degree burglaries, and was found fifteen feet from the box and in the pathway defendant followed when leaving the box. We conclude that a proper foundation was laid for the introduction of the evidence, and that the wire was admissible because of its potential relationship to defendant and the burglary and its relevancy to one of the issues in this case. Accordingly, we find no error, much less plain error, occurred.

## IV.

Defendant also maintains that the trial court erred in refusing to submit his tendered lesser non-included offense instruc-

tion on misdemeanor theft. Again, we disagree.

A court has no duty to instruct the jury on the elements of a lesser non-included offense unless there exists a rational basis in the evidence to support a verdict acquitting the defendant on the greater charge and convicting him on the lesser charge. *People v. Bustos*, 725 P.2d 1174 (Colo.App. 1986).

■ Given the absence of any evidence to suggest that defendant removed from the box bills which were partially exposed, the court properly refused defendant's instruction. If the jury accepted the testimony of the prosecution's witnesses, the state of the evidence was such that there existed no rational basis to acquit defendant of the crime charged and convict him of the lesser non-included offense.

Judgment affirmed.

FISCHBACH and VAN CISE*, JJ., concur.