The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Abdul HAIDER, Defendant–Appellant.

No. 90CA0674.

Colorado Court of Appeals,
Div. V.

Sept. 26, 1991.

Rehearing Denied Nov. 14, 1991.

Certiorari Denied April 20, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Timothy R. Twining, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Arthur M. Schwartz, P.C., Arthur M. Schwartz, Denver, for defendant-appellant.

Opinion by Judge NEY.

Defendant, Abdul Haider, appeals the trial court's judgment entered on a jury verdict convicting him of theft by receiving. We affirm.

Defendant managed a retail store in Adams County. He was charged with theft by receiving after he purchased cartons of cigarettes from undercover police personnel which he perceived to be stolen. The transactions were recorded by a device worn by an undercover investigator.

For technical reasons the audio tape recordings were difficult to understand and portions were inaudible. A judge, other than the one that presided at trial, heard defendant's motions objecting to the admissibility of the tape recordings and the People's version of transcripts of the recordings. This judge ordered redacted recordings admitted at trial and permitted each party to submit their versions of transcripts which he directed would be admitted with cautionary instructions. However, at trial, the court admitted each party's transcript of the recording without any cautionary instruction.

I.

Defendant first contends that the trial court's error in denying his motion to suppress cigarettes which were seized at the time of his arrest requires reversal of his conviction. We disagree.

Our examination of the record reveals that the cigarettes which were introduced into evidence at trial were not those seized at the time of defendant's arrest. During the investigation, on two separate occasions prior to the day of the defendant's arrest, an undercover police officer bought cigarettes from Haider. It was these cigarettes, not those subject to the motion to suppress, which were introduced at trial. Therefore, any error in denying defendant's motion to suppress was harmless.

II.

A.

Defendant contends that because portions of the audio tapes were inaudible, an accurate transcription was not possible, and it was, therefore, error to admit any transcript. We disagree.

A tape recording may be admitted into evidence even though portions of it are inaudible. *People v. Roy*, 723 P.2d 1345 (Colo.1986). Whether to admit evidence rests within the sound discretion of the trial court. *People v. Roy*, supra. Absent a clear abuse of that discretion, a trial court's ruling regarding admissibility will not be disturbed on review. *People v. Cole*, 654 P.2d 830 (Colo.1982).

Courts have long recognized the need to use transcripts of tape recorded conversations to assist the jury where portions of a tape are inaudible. *People v. Coca*, 40 Colo.App. 440, 580 P.2d 1258 (1978). If the parties do not stipulate to an "official" transcript, the judge may either make a pretrial determination of the accuracy of the transcript by comparing it to the tapes, *U.S. v. Slade*, 627 F.2d 293 (D.C.Cir.1980), or may permit the jury to examine both versions of the transcript so it can determine which version is more accurate. *U.S. v. Onori*, 535 F.2d 938 (5th

Cir.1976). We, therefore, conclude that the admission of the disputed transcripts here did not constitute error.

### B.

The defendant here asserts that the trial court's admission of the disputed transcript without a cautionary instruction was reversible error. We agree a cautionary instruction was required; however, we conclude the error here was harmless.

Under the holding in *U.S. v. Onori, supra,* to eliminate potential prejudice to a defendant, the trial court, if requested, should give a cautionary instruction informing the members of the jury that the transcript is to be considered as any other evidence which they can accept or reject based on their listening to the recording, and the jury should be told that it is the final arbiter of which version, if either, is accurate. *Onori, supra.*

As to this issue, we adopt the reasoning in *Onori* as Colorado law and, therefore, conclude that, if the accuracy of a transcript is disputed and one of the parties requests an instruction, the trial court must give the cautionary instruction. This method will assure defendant's right to a fair trial with no prejudice to the People.

Although, here, the trial court erred in refusing to give a cautionary instruction, when requested by defendant, we conclude that such error was harmless because the discrepancies between the two transcribed versions of the recording were minimal. Moreover, the disputed issue of fact, relating to defendant's intent to purchase stolen property, was overwhelmingly established in the undisputed portions of both transcripts.

### C.

The defendant further asserts reversible error in the trial court's refusal to admit both versions of the transcripts simultaneously. We disagree.

When the accuracy of a transcript is disputed, the trial court has the discretion to give alternate versions to the jury, at any phase of the trial. *See People v. Cole,* 654 P.2d 830 (Colo.1982) (trial court has broad discretion as to presentation of evidence).

We do not perceive any error in limiting each party to submit their versions of the transcript during their phase of the trial.

The judgment is affirmed.

PLANK and JONES, JJ., concur.