The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Rory F. ATKINS, Defendant–Appellant.

No. 91CA1877.

Colorado Court of Appeals,
Div. III.

March 24, 1994.

Rehearing Denied May 12, 1994.

Certiorari Denied Nov. 29, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Bailey, Harring & Peterson, P.C., Randall M. Livingston, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Rory F. Atkins, appeals the judgment of conviction entered upon a jury verdict finding him guilty of attempted escape. He asserts that the trial court denied his right to a speedy trial and that it committed instructional error. We affirm.

I.

The information here was filed on June 21, 1990, and defendant was arraigned and

pleaded not guilty on August 28, 1990. At that time, trial was set to commence on January 14, 1991, a date well within the six-month period set by § 18–1–405(1), C.R.S. (1986 Repl.Vol. 8B) for bringing a defendant to trial.

On the date set for trial, however, defendant asserted that his appointed counsel had not conferred with him except on two previous occasions when he appeared in court and that his counsel was unprepared for trial. After considering defendant's statements, as well as statements from the prosecutor and defense counsel, the court concluded that defendant was entitled to new counsel. However, the court advised defendant that the appointment of new counsel would delay the trial and that such delay would be attributable to defendant. Defendant persisted in his request for other counsel.

As a consequence, the trial was vacated, defendant's original counsel was relieved of his duties, and on the following day, the court entered a written order appointing new counsel and setting January 30, 1991, for a further appearance by defendant and his new counsel.

The record reflects that both defendant and new counsel appeared on this date and were given thirty days within which to file pretrial motions. At that time, the court scheduled March 5, 1991, as the date that any such motions would be considered. While this date was more than six months after defendant's arraignment and entry of his plea, the defense interposed no objection to the date set.

Defendant thereafter filed several pre-trial motions, one of which asserted that he was entitled to a dismissal of the charge against him because he had not been brought to trial within the period specified by § 18–1–405(1). At the March 5 hearing, the trial court denied that motion and set the trial for May 2, 1991.

Defendant asserts before us that the delay caused by substitution of counsel resulted from the previous denial to him of the right to effective assistance of his original counsel. He argues, therefore, that any resulting delay cannot be attributed to him and that the trial court could not, under such circumstances, condition the appointment of new counsel upon his waiver of his right to a speedy trial under § 18–1–405(1).

■ We conclude, however, that we need not address this issue. Rather, we are convinced that defendant waived this statutory right on January 30, when he was adequately represented by new counsel and he failed to object to the date set for hearing on any pre-trial motions to be filed.

Section 18–1–405(5.1), C.R.S. (1988 Repl. Vol. 8B) provides that, if a represented defendant is "offered" a "trial date" that is beyond the time set for trial by the statute and neither the defendant nor his counsel objects to such date, then the required time for the trial shall be extended to the date so set.

■ While this statute makes no express reference to any setting other than a trial setting, defendant admits that its purpose is to require a defendant to give notice to the court, when it is considering a trial schedule, of the effect of the speedy trial statute upon his case. Thus, a defendant cannot stand mute and allow a trial schedule to be adopted without registering his complaint that such schedule violates his speedy trial rights.

Here, when the court set March 5 as the date for a hearing upon pre-trial motions, it was evident that the court was "offering" a date for trial *later* than that date. And, *any* later date would have been beyond the six-month statutory period. We conclude, therefore, that defendant's failure to object to the date set for pre-trial motions hearing constituted his consent to the trial schedule that was offered, subject only to the condition that the actual trial commence within a reasonable time thereafter.

At the March 5 pre-trial hearing, the court scheduled the trial for May 2, and defendant makes no claim that the delay between the pre-trial motions hearing and the date set for commencement of trial was unreasonable. Hence, his failure to object to the pre-trial motions setting constituted, under these circumstances, a consent to the delay of the trial for this reasonable period.

## II.

Defendant also asserts that the trial court committed prejudicial error in refusing to respond to an inquiry made by the jurors. We disagree.

After retiring, the jury sent the following note to the court:

> We request that the court provide a definition of the terms:
>
> (1) Custody
>
> (2) Confinement
>
> As applied to the charges of 'escape' and 'attempted escape.'

After conferring with both counsel, the trial court responded as follows:

> The court cannot furnish you with a legal definition of custody or confinement.
>
> You must define these terms for yourselves in the light of reason and experience.

While no objection was raised to this response at the trial, defendant now claims that, because the trial court did not define the terms "custody" and "confinement," which are essential elements of the offense of attempted escape, he was denied due process and a fair trial. Although we agree that the trial court erred in refusing to instruct the jury upon these definitions, we also conclude that such error was harmless under the circumstances portrayed by this record.

Because no objection to the court's response was raised at trial, we consider defendant's claim under the plain error standard of review. Crim.P. 52(b). Under this standard, the record must show that the error so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

A trial court is under an obligation to instruct the jury properly, and a failure to do so as to every element of a crime charged is error. *Chambers v. People,* 682 P.2d 1173 (Colo.1984). Further, "when the jury indicates to the judge that it does not understand an element of the offense charged ... the judge has an obligation to clarify the matter for the jury in a concrete and unam-biguous manner." *Leonardo v. People,* 728 P.2d 1252, 1256 (Colo.1986).

The term "custody" bears a specific statutory definition. *See* § 16–1–104(9), C.R.S. (1986 Repl.Vol. 8A). And, the terms, "confinement" or "confined," have been interpreted to mean "detention in an institution." *See People v. Olinger,* 39 Colo.App. 491, 493, 566 P.2d 1367, 1368 (1977).

Hence, because the instructions provided to the jury did not define these elements, the court, when it received the jury's note, was under an obligation to do so. However, its failure to provide the requested instructions was not plain error.

Defendant here was convicted only of *attempted* escape, rather than the completed offense. The undisputed testimony demonstrated that defendant left the physical restraints imposed upon him by leaving the building that confined him and by exiting through the outside fence. He was apprehended, however, while still on a State-owned parking lot that served the facility. The jury's verdict, therefore, can only be explained by the jurors' conclusion that, so long as defendant remained on the facility's property, he remained confined and in custody and that, because he had not left the property, he was not successful in completing his escape.

Accordingly, the lack of instruction by the court as to the meanings of "custody" and "confinement" inured to defendant's benefit. *See People v. Olinger, supra* (defendant not "confined" when merely in custody of police officer outside facility). Hence, the instructional failure here constituted harmless error. *See People v. Fichtner,* 869 P.2d 539 (Colo.1994); *People v. Shields,* 822 P.2d 15 (Colo.1991).

The judgment is affirmed.

DAVIDSON and TAUBMAN, JJ., concur.