The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Joseph ORTEGA, Defendant–Appellant.

No. 92CA1679.

Colorado Court of Appeals,
Div. V.

Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied Aug. 14, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Nancy J. Lichtenstein, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Joseph Ortega, appeals from a judgment of conviction of second degree assault and of four counts as an habitual criminal. We affirm.

Defendant was involved in an altercation with two other men in an alley. A police officer responded, found one of the men in the alley bleeding, and stopped defendant as he was leaving the scene. The officer brought defendant into the security office of an adjacent store. He handcuffed defendant's left wrist to an eyebolt attached to the wall, then left the room to look for the second suspect.

Although the officer did not locate the second suspect, he did interview the victim of the altercation, who signed a complaint. Upon returning to the security room, the officer began to write defendant a summons and complaint for disturbing the peace. Defendant, while still handcuffed to the wall, either kicked the officer in the face or kicked a chair which then struck the officer in the face.

## I.

Defendant challenges his conviction under § 18–3–203(1)(f), C.R.S. (1994 Cum.Supp.) on two different grounds. We find neither to be persuasive.

### A.

Defendant first contends that the evidence was insufficient to sustain his conviction under § 18–3–203(1)(f) because he was never formally arrested. We disagree.

Section 18–3–203(1)(f) provides in pertinent part that a person commits the crime of assault in the second degree if, while lawfully confined or in custody, he violently applies physical force against the person of a peace officer or firefighter engaged in the performance of his duties.

For purposes of constitutional analysis, whether a person is "in custody" is determined, after an assessment of the totality of the circumstances, by whether a reasonable person in those circumstances would have believed that he or she was free to leave the officer's presence. *People v. Armstrong*, 720 P.2d 165 (Colo.1986). However, our supreme court has determined that such a definition does not apply in determining custody under § 18–3–203(1)(f).

In *People v. Armstrong, supra,* the supreme court rejected the contention that § 18–3–203(1)(f) and § 18–8–103(1)(a), C.R.S. (1986 Repl.Vol. 8B) (defining resisting arrest) proscribe substantially identical conduct. The court reasoned that § 18–3–203(1)(f) should be construed so that, when arrest is resisted, the person arrested may not be deemed "in custody" until the arrest is effected:

> In this situation to effect an arrest, the peace officer must apply a level of physical control over the person resisting the arrest

so as to reasonably ensure that the person does not leave. Once the arrest has been effected, then the person is in custody for purposes of section 18–3–203(1)(f).

*People v. Armstrong, supra,* at 169.

Section 18–3–203(1)(f) may most often be applicable in circumstances in which a peace officer is attempting to effect a formal arrest, as in *People v. Armstrong, supra.* However, contrary to defendant's argument, we do not read the supreme court's decision as always requiring a formal arrest before a person may be deemed in custody for purposes of § 18–3–203(1)(f).

What is required is that the peace officer have applied a level of physical control over the person being detained so as reasonably to ensure that the person does not leave. Thus, when, as here, an officer has detained a suspect for purposes of further investigation rather than arrest, but nevertheless has applied a sufficient level of physical control so as reasonably to ensure that the suspect does not leave, then the suspect is in custody for purposes of § 18–3–203(1)(f). The evidence therefore was sufficient to sustain defendant's conviction under § 18–3–203(1)(f).

### B.

Defendant also contends that the court gave the jurors an erroneous instruction defining the elements of § 18–3–203(1)(f) which led them to convict defendant improperly. We find no reversible error.

■ Defendant initially contends the court erred in failing to include in the instruction on second degree assault the correct definition of "confinement." However, the statute contains no such definition, the prosecutor did not contend that defendant was in confinement, and the evidence was undisputed that defendant was in custody. Thus, the court did not err in failing to provide a definition of confinement. *See People v. Haider,* 829 P.2d 455 (Colo.App.1991).

■ Defendant further argues that the court gave the jury an incorrect definition of "in custody" and instead should have given defendant's tendered instruction. However, the instruction defendant tendered at trial, like his argument on appeal, was based on the faulty premise that a formal arrest is required before a person may be in custody for purposes of § 18–3–203(1)(f). We therefore find no error in the court's rejection of defendant's tendered instruction and, because the evidence was undisputed that defendant was in custody, no reversible error in the instruction given. *See People v. Bercillio,* 179 Colo. 383, 500 P.2d 975 (1972); *cf. People v. Atkins,* 885 P.2d 243 (Colo.App. 1994); *see also* Crim.P. 30 and 52(b).

### II.

■ Defendant next argues that the trial court's refusal to provide an instruction regarding the elements of the lesser, non-included offense of obstructing a peace officer deprived defendant of his right to present a defense. We are not persuaded.

Section 18–8–104, C.R.S. (1986 Repl.Vol. 8B) proscribes the use of force knowingly to obstruct law enforcement activities. Custody is not an element of this offense.

Here, the evidence was undisputed that defendant was in custody. There was therefore no rational basis on which the jury could have acquitted defendant of second degree assault and convicted him of obstructing a police officer. Thus, the trial court had no duty to provide this instruction. *See People v. Garcia,* 784 P.2d 823 (Colo.App.1989).

### III.

Defendant's next contention is that the trial court erred in refusing to grant a mistrial because of inadmissible and highly prejudicial testimony. We disagree.

■ The grant or denial of a motion for mistrial is committed to the sound discretion of the trial court, and its ruling will not be disturbed absent a clear showing of abuse of discretion and prejudice to the defendant. *People v. Chastain,* 733 P.2d 1206 (Colo. 1987).

■ The prosecutor on two occasions asked police officers who had been at the scene whether defendant was in custody. Because the evidence is undisputed that defendant was in custody, any error in admit-

ting the testimony did not result in such prejudice as to require a mistrial. *See People v. Chastain, supra.*

Defendant argues separately that, in the course of making an objection, the prosecutor made improper comments on the quality of the Denver Police Department's Internal Affairs Bureau that undercut defendant's claim of self-defense against the officer. He contends the trial court erred in again refusing to declare a mistrial.

We agree that the prosecutor's comments were unnecessary and constituted an improper expression of his opinion. However, they were brief and isolated. Further, the jury was specifically instructed in writing to disregard comments of counsel. In these circumstances, the trial court did not abuse its discretion in denying the request for a mistrial. *See People v. Carrier,* 791 P.2d 1204 (Colo.App.1990).

### IV.

Defendant contends that the habitual counts should have been dismissed because the enumeration of his prior felony convictions in the information did not properly allege convictions and judgments. We are not persuaded.

Section 16–13–101(2), C.R.S. (1994 Cum.Supp.) provides that the convictions and judgments which form the basis of punishment as an habitual criminal "shall be set forth in apt words in the indictment or information." Section 16–13–103(2), C.R.S. (1986 Repl.Vol. 8A) further provides that the information shall identify by separate counts each alleged former conviction and shall allege that the defendant was convicted of a specific felony.

Here, the information itemized defendant's four prior felonies and recited that he had pled guilty or nolo contendere to and been sentenced for each. Though the words "conviction" and "judgment" do not appear in the information, the wording properly put defendant on notice of the essential elements .for habitual criminal sentencing so that he could adequately defend himself. The trial court therefore did not err is refusing defendant's motion to dismiss the habitual counts on this basis. *See Cervantes v. People,* 715 P.2d 783 (Colo.1986).

### V.

Defendant's next argument is that the trial court erred in finding that § 16–5–402(1), C.R.S. (1986 Repl.Vol. 8A) barred as untimely any collateral attack on his prior felony convictions. We disagree.

Section 16–5–402(1) imposes a three-year time limitation on collateral attacks on the validity of felony convictions, other than class 1 felonies. The only exceptions are enumerated in § 16–5–402(2), C.R.S. (1986 Repl.Vol. 8A) and include justifiable excuse or excusable neglect.

Defendant asserts that this case should be remanded for application of the "correct standard" under *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). Defendant apparently relies on the exception to the time bar for justifiable excuse or excusable neglect. However, defendant failed to argue at trial that this or any of the other statutory exceptions to the time bar was applicable. We therefore will not consider this issue for the first time on appeal. *See People v. Mershon,* 874 P.2d 1025 (Colo.1994).

Defendant also contends that the statutory time limitation on collateral attacks is a violation of his constitutional rights to due process and equal protection. This argument was conclusively disposed of by our supreme court in *People v. Wiedemer, supra.*

Judgment affirmed.

RULAND and TAUBMAN, JJ., concur.