**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**David GEYER, Defendant–Appellant.**

No. 94CA2054.

Colorado Court of Appeals,
Div. V.

Dec. 27, 1996.

As Modified on Denial of Rehearing
Feb. 13, 1997.

Certiorari Denied Aug. 25, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Clemmie P. Engle, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, David Geyer, appeals from the judgment entered upon a jury verdict finding him guilty of third degree burglary. We affirm.

The relevant facts are not in dispute. Defendant was arrested shortly after he broke into a locked, glass display cabinet at a resort. The display cabinet was recessed into the wall of a corridor. The unit had two sliding glass doors secured by two key-operated, metal bar and lock assemblies.

Local retail merchants rented space in the cabinet to display merchandise. On the date of the offense, a merchant had displayed in the cabinet two leather jackets, two western hats, a knife, and assorted jewelry.

When the security guards responded to an alarm triggered by defendant's entry into the cabinet, they found him standing adjacent to the unit with the two hats from the display in his hand. He was attempting to close the sliding glass doors, but the two metal bar and lock assemblies had been completely removed and were on the floor.

## I

■ The third degree burglary statute, § 18–4–204(1), C.R.S. (1986 Repl.Vol. 8B), provides that:

A person commits third degree burglary if with intent to commit a crime he enters or breaks into any vault, safe, cash register, coin vending machine, product dispenser, money depository, safety deposit box, coin telephone, coin box, *or other apparatus or equipment* whether or not coin operated.

(emphasis added)

■ Defendant first contends that use of the terms "other apparatus or equipment" in the statute renders the provision unconstitutionally vague on its face and as applied to him. According to defendant, these terms fail to provide fair warning of the prohibited conduct. Relying upon dictionary definitions, defendant notes that these terms, standing alone, could include an unlimited number of items such as airplanes, ships, or motor vehicles, and that those terms might also include a desk, drawer, file cabinet, box, backpack, purse, or wallet. We are not persuaded by defendant's contention.

■ In addressing a vagueness challenge, we are guided by long established principles. *People v. Gross,* 830 P.2d 933 (Colo.1992). The statute is presumed to be constitutional, and the burden is upon defendant to prove unconstitutional vagueness beyond a reasonable doubt. *People v. Janousek,* 871 P.2d 1189 (Colo.1994). Finally, to prevail on this contention, defendant must demonstrate that the statute is impermissibly vague in all of its applications. *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990). Stated otherwise, we do not address all possible applications of the statutory language if the alleged conduct falls clearly within the statute's prohibition. *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978).

In *People v. Garcia,* 784 P.2d 823 (Colo. App.1989), a division of this court addressed the issue whether a parking lot payment box used by parking lot users to deposit money constituted a "money depository" under the statute.

Noting that the third degree burglary statute had been expanded in 1967 to include unlawful entries into uninhabitable depositories or dispensers, the *Garcia* court explained that the intent of the General Assembly was "to address the problem of unauthorized entry into any structure or apparatus designed to receive and hold money or valuables." As a result, the *Garcia* court concluded that a parking lot money collection box did constitute a "money depository" within the meaning of the statute.

We find this analysis instructive in concluding that defendant's entry into the glass display case here was prohibited by the statute. Specifically, the locked, glass case is similar to a depository incorporated into a building for the purpose of protecting valuable items on display from, among other things, theft.

We find further support for our conclusion in the application in other jurisdictions of the rule of *ejusdem generis* in response to assertions of statutory vagueness. This rule is used to interpret general terms that follow specific ones and has often been invoked to defeat claims of vagueness. *See Dunnigan v. State,* 364 So.2d 1217 (Fla.1978)(principle of *ejusdem generis* may be used to defeat vagueness challenge to phrase "other conduct of a similar nature"); *Gilbert v. State,* 765 P.2d 1208 (Okla.Crim.App.1988)(principle of *ejusdem generis* applied to defeat claim of unconstitutional vagueness to phrase "otherwise interfere"); *see also United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975)(concurring opinion by Stewart, J.).

■ The rule applies if it does not operate to defeat the obvious purpose of the legislation. *See People v. San Emerterio,* 839 P.2d 1161 (Colo.1992); *Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975).

This maxim has been applied to interpret the phrase "deadly weapon" in the context of the phrase "instrument or thing." *See Grass v. People,* 172 Colo. 223, 471 P.2d 602 (1970)(shoes may constitute deadly weapons as an "instrument or thing" depending upon their use). Similarly, the rule has been applied to define public office for the purposes of determining what are "public records." *See Shimmel v. People,* 108 Colo. 592, 121 P.2d 491 (1942)(written questions to be asked

on a civil service examination were records of a public office for purposes of a larceny statute).

Applying that rule here, we note that a glass display cabinet is similar to a "vault," *i.e.,* a room or area designed for the safe-keeping of valuables. *See Webster's Third New International Dictionary* 2536 (1987). Hence, we conclude that the phrase "other apparatus or equipment" is not unconstitutionally vague in its application to the facts of this case.

Based on the same analysis, we reject defendant's argument that his conviction must be set aside for lack of evidence that a glass display case is covered by the statute.

## II

 As pertinent here and consistent with *COLJI–Crim.* No. 14:05 (1983), the jury was instructed on the elements of third degree burglary as including an intent to commit the crime of theft after entry into one of the items covered in the statute. No objection was made to this instruction. Defendant now contends, however, that the instruction should have included the elements of "knowingly" and "unlawful entry" because those elements apply to first and second degree burglary as set out in §§ 18–4–202 & 18–4–203(1), C.R.S. (1986 Repl.Vol. 8B). Defendant further argues that the failure to include these elements constitutes a "structural" error requiring reversal.

The prosecution concedes for the purposes of argument only that the instruction should have included the elements of "knowingly" and "unlawful entry." *See COLJI–Crim.* No. 14:03 (1983). However, the prosecution asserts that the failure to include these elements on this record was harmless error. We agree with the prosecution.

## A

 We must first address the applicable standard of appellate review for determining whether reversible error occurred.

Relying on *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), defendant contends that the trial court's failure to include elements of the charged offense in the instruction is a structural error and that, therefore, the harmless error analysis does not apply. Defendant argues that *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) supports his assertion that the error is not subject to a harmless error analysis. We disagree.

In *Sullivan,* the trial court erred in its instruction to the jury on the definition of reasonable doubt in a first degree murder case. The court held that because the instructional error involved "a misdescription of the [prosecution's] burden of proof," the error vitiated all of the jury's findings. However, in our view, the gravity of the alleged error here does not rise to the level of that in *Sullivan. See Key v. People,* 865 P.2d 822 (Colo.1994)(generally discussing the distinction between "trial error" that is subject to harmless error analysis and "structural error" that mandates reversal).

And, we are unaware of any United States Supreme Court holding that the omission of an element of the offense in a jury instruction, standing alone, constitutes a structural error mandating reversal. Finally, the circuit courts are divided on this issue. *See United States v. Rogers,* 94 F.3d 1519 (11th Cir.1996).

Under these circumstances, we conclude that the analysis of our supreme court relative to instructional error must be applied by this court.

In cases such as *People v. Freeman,* 668 P.2d 1371 (Colo.1983), the court has observed generally that the failure of the trial court to instruct relative to the essential elements of the charged offense constitutes plain error. *See also People v. Rodriguez,* 914 P.2d 230 (Colo.1996); *People v. Gracey,* 940 P.2d 1050 (Colo.App. 1996).

However, in *Espinoza v. People,* 712 P.2d 476 (Colo.1985), our supreme court addressed the failure properly to instruct the jury on the meaning of "knowingly" in conjunction with a first degree sexual assault charge and concluded that reversal was not warranted. The court stated:

*Where an element of a crime was not contested at trial, failure to instruct properly on that issue generally does not constitute plain error. ... It is also unlikely that an erroneous instruction will be considered plain error if the evidence of the defendant's guilt was overwhelming....*

*Espinoza v. People, supra,* 712 P.2d at 478 (emphasis supplied).

Consistent with the standard discussed in *Espinoza,* a division of this court in *People v. Esquibel,* 794 P.2d 1065 (Colo.App.1990) found no plain error warranting reversal because of the failure of the trial court to include "unlawful entry" as an element of the crime of second degree burglary. Citing *Espinoza,* the court noted that the legality of the entry was not an issue at trial.

Defendant contends that the *Espinoza* standard for appellate review of instructional error is both outdated and flawed. However, since its announcement, the *Espinoza* standard has been applied by our supreme court in *People v. Cowden,* 735 P.2d 199 (Colo. 1987)(jury instruction erroneously failed to include element of "value") and *People v. Fichtner,* 869 P.2d 539 (Colo.1994)(jury instruction erroneously failed to define "serious bodily injury" in describing elements of menacing). *See also People v. Rodriguez, supra* (instruction erroneously failed to define correctly the elements of complicity). As a result, we conclude that *Espinoza* continues to govern our analysis of the issue before us.

B

Applying the *Espinoza* standard, we perceive no reversible error. An unlawful entry occurs when a defendant in effect has no legal right to make the entry. *See* § 18–4–201(3), C.R.S. (1986 Repl.Vol. 8B). Here, it is undisputed that defendant had no authorization from either the owner of the glass display case or the merchant to enter the unit. Hence, we do not view this element as specifically contested at trial.

■ With reference to "knowingly," the evidence was undisputed that defendant opened the case, removed the lock and bar, and removed two hats. *See* § 18–1–501(6), C.R.S. (1986 Repl.Vol. 8B). Under the in-

struction defining the elements of third degree burglary, the jury was required to find and specifically found that defendant entered the display case and that he did so with the intent to commit the crime of theft. Under these circumstances, we perceive no plain error in the failure to instruct on the "knowingly" element.

The judgment is affirmed.

MARQUEZ and TAUBMAN, JJ., concur.