25CA0674 Peo v Kuntz 03-05-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0674
City and County of Denver District Court No. 09CR3549
Honorable Eric M. Johnson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Darren Kuntz,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 5, 2026

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Darren Kuntz, Pro Se

¶ 1     Darren Kuntz appeals the postconviction court's order denying his Crim. P. 35(c) motion for postconviction relief.  We affirm.

## I.     Background

¶ 2     In 2010, Kuntz pleaded guilty to attempting to commit internet sexual exploitation of a child and was sentenced to five years on sex offender intensive supervision probation (SOISP).  Shortly thereafter, his SOISP sentence was revoked, and he was resentenced to five years on SOISP.  In March 2011, Kuntz's SOISP sentence was revoked a second time, resulting in a two-year prison sentence.  He completed his sentence in November 2013.  In April 2024, Kuntz filed a petition to discontinue sex offender registration, which the court granted.

¶ 3     In November 2024, Kuntz filed his Crim. P. 35(c) motion.  The postconviction court denied the motion, finding that (1) some of Kuntz's claims were either not cognizable in a criminal case or not supported by a developed argument; (2) any potentially cognizable claims under Crim. P. 35(c) were untimely; and (3) Kuntz's challenge to the district court's subject matter jurisdiction was without merit.

¶ 4     Kuntz now appeals.

## II.    Analysis

¶ 5    In his opening brief, Kuntz asserts various defects with his criminal case.  We agree with the postconviction court that his Crim. P. 35(c) motion was untimely filed.

¶ 6    Subject to certain enumerated exceptions, a Crim. P. 35(c) motion must be filed within three years of a defendant's conviction for a felony offense other than a class 1 felony.  § 16-5-402(1), (2), C.R.S. 2025.  "For purposes of [section] 16-5-402 and postconviction review, if there is no direct appeal, a conviction occurs when the trial court enters judgment and sentence is imposed."  *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006).

¶ 7    Although a jurisdictional challenge is an exception to the statutory time bar, *see* § 16-5-402(2)(a), (b), Kuntz does not renew his jurisdictional challenge on appeal.  Instead, he contends that a private website is mispresenting the jurisdiction where he was arrested.  This allegation does not implicate the district court's subject matter jurisdiction and therefore does not establish an exception to the procedural bar.

¶ 8    Thus, because Kuntz's motion did not adequately assert an applicable exception to the time bar, the postconviction court was

2

required to deny his motion as untimely filed. *See* § 16-5-402(1);

Crim. P. 35(c)(3)(IV); *see also* Crim. P. 35(c)(3)(I) ("Any motion filed

outside of the time limits set forth in [section] 16-5-402 . . . shall

allege facts which, if true, would establish one of the exceptions

listed in [section] 16-5-402(2)."); *People v. Ortega*, 899 P.2d 236,

239 (Colo. App. 1994) (declining to consider an exception to the

timeliness procedural bar for the first time on appeal).

¶ 9     Even setting aside the untimeliness of Kuntz's motion, Kuntz

does not adequately explain how the alleged defects in his case

affected the validity of his guilty plea. *See Sanchez-Martinez v.*

*People*, 250 P.3d 1248, 1255 (Colo. 2011) ("Because a guilty plea is

an extensive waiver of the defendant's constitutional rights, a

challenge to a conviction based on a guilty plea is usually limited to

whether the plea was knowing, voluntary, and intelligent.");

*Neuhaus v. People*, 2012 CO 65, ¶ 8 (a guilty plea waives all

nonjurisdictional errors and precludes review of issues arising

before the entry of the plea); *see also People v. Houser*, 2020 COA

128, ¶ 24 (declining to consider a bald legal proposition presented

without argument or development); *People v. Delgado*, 2019 COA

55, ¶ 8 (A court may deny a Crim. P. 35(c) motion without a hearing

"if the claims are bare and conclusory in nature and lack supporting factual allegations.").

¶ 10    Furthermore, because the court was statutorily required to deny the motion, we reject Kuntz's claim that he was prejudiced by the court's speculation that he used artificial intelligence to generate his Crim. P. 35(c) motion and its admonishment against doing so.  *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶¶ 1-4, 25-41.

¶ 11    Finally, Kuntz challenges the court's order granting his motion for return of property, asserting that the prosecution's failure to timely respond to the motion violated his due process rights. However, the motion was filed, and the order was issued, after the notice of appeal in this case was filed.  *See People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004) ("A court may take judicial notice of the contents of court records in a related proceeding.").

¶ 12    Because Kuntz neither filed a timely notice of appeal of that order nor moved to amend the notice of appeal here to include an appeal of that order, we decline to consider it.  *See* C.A.R. 4(b)(1) (requiring a defendant to file a notice of appeal within forty-nine days after entry of the order being appealed); *People v. Baker*,

104 P.3d 893, 895 (Colo. 2005) ("Unless notice of appeal is timely filed, the court of appeals lacks jurisdiction to hear the appeal."); *In re Estate of Anderson*, 727 P.2d 867, 870 (Colo. App. 1986); *see also Woo v. El Paso Cnty. Sheriff's Office*, 2022 CO 56, ¶ 4 ("[A] defendant may file a motion for return of lawfully seized property following entry of a conviction and imposition of a sentence . . . once the trial court reacquires jurisdiction following a direct appeal, during postconviction proceedings, or after any appeal related to those proceedings."); *People v. Dillon*, 655 P.2d 841, 844 (Colo. 1982) ("[O]nce an appeal has been perfected, the trial court has no jurisdiction to issue further orders in the case relative to the order or judgment appealed from.").

¶ 13    We decline to address any argument asserted for the first time in Kuntz's reply brief. *See People v. Grant*, 174 P.3d 798, 803 (Colo. App. 2007). And any claim raised in Kuntz's Crim. P. 35(c) motion but not reasserted on appeal is deemed abandoned. *See People v. Brooks*, 250 P.3d 771, 772 (Colo. App. 2010).

### III.    Disposition

¶ 14    The order is affirmed.

JUDGE GROVE and JUDGE SCHOCK concur.